**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-30346
Summary Calendar

ANITA GUILLORY, on behalf of Chastity Guillory

Plaintiff-Appellant,

VERSUS

SHIRLEY S. CHATER, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana
(93-CV-1419)
(October 16, 1995)

Before HIGGINBOTHAM, DUHÉ and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

The Administrative Law Judge (ALJ) denied Appellant Guillory's claim on behalf of her minor daughter for supplemental security income benefits. Upon review, the district court granted summary judgment in favor of the Commissioner. Guillory appeals. We affirm.

Appellant argues that the ALJ and the district court applied

---

Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

the incorrect legal standard and that their decision is not supported by substantial evidence. Our careful review of the record convinces that Appellant errs in both respects.

The legal standard for determining whether a child is disabled requires a determination whether the child: 1) was engaged in substantial gainful activity, 2) had a severe impairment, 3) had an impairment that met or equaled an impairment listed in appendix 1 of 20 C.F.R. Pt. 404, and 4) had an impairment of comparable severity to an impairment that would disable an adult. Sec. 416.924(b). At the fourth step, an Individualized Functional Assessment is performed to determine whether the child's impairment limits her ability to physically or mentally function in an age-appropriate manner. Sec. 416.924(f). The ALJ carried out these steps with precision. He found the child was never employed, had a severe impairment, did not meet the conditions of Secs. 112.05 or 112.11 or equivalent, made an individualized assessment of her ability to function in the five specified domains and concluded that she experienced a more than moderate impairment only in the cognitive function area and thus was not disabled. The proper legal standard was applied.

Evidence is sufficient to support this finding if it is substantial, that is more than a scintilla. <u>Anderson v. Sullivan</u>, 887 F.2d 630, 633 (5th Cir. 1989). Our review of the record demonstrates more than ample evidence.

AFFIRMED.

2